JAMES J. PISANELLI, State Bar No. 4027
JJP@pisanellibice.com
TODD L. BICE, State Bar No. 4534
TLB@pisanellibice.com
DEBRA L. SPINELLI, State Bar No. 9695
DLS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street
Las Vegas, NV 89101
(702) 214-2100

BRAD D. BRIAN
*Pro hac vice*
MICHAEL R. DOYEN
*Pro hac vice*
DANIEL B. LEVIN
*Pro hac vice forthcoming*
BETHANY W. KRISTOVICH
*Pro hac vice*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100
brad.brian@mto.com

*Attorneys for Defendants MGM Resorts International,*
*Mandalay Bay, LLC, Mandalay Resort Group,*
*MGM Resorts Festival Grounds, LLC, and*
*MGM Resorts Venue Management, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RACHEL SHEPPARD, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>MANDALAY BAY, LLC, f/k/a<br>MANDALAY CORP., *et al.*,<br><br>Defendants. | No. 2:18-cv-01120-RFB-VCF<br><br>**DEFENDANTS' MOTION TO REDACT SUPPORTING DECLARATIONS AND TO SEAL EXHIBITS IN SUPPORT OF ITS MOTION FOR REMAND** |

1    Defendants MGM Resorts International, Mandalay Bay, LLC, Mandalay Resort Group,

2  MGM Resorts Festival Grounds, LLC, and MGM Resorts Venue Management, LLC (collectively

3  "MGM") hereby move the Court for an order redacting supporting declarations of MGM

4  employees N.B., B.T., and K.D. and sealing the exhibits thereto.  The exhibits to the declarations

5  of MGM employees N.B., B.T., and K.D. contain confidential and proprietary information

6  concerning security planning and procedures that would undermine security and public safety at

7  future public events.   The declarations reveal personal information about certain MGM

8  Employees.  Considering past media scrutiny and the practice of MGM attempting to protect its

9  customers' and employees' identifying information from the public, MGM seeks an order

10 allowing it to redact the individuals' names and titles from the publicly available versions of the

11 declarations, with an unredacted copy filed under seal.

12    This Motion is made and is based upon all papers and pleadings on file, the declaration of

13 Michael R. Doyen, submitted with the Opposition to Plaintiffs' Motion to Remand, along with the

14 attached Memorandum of Points and Authorities, and any oral argument that this Court may

15 entertain.

16 DATED:  July 27, 2018                 Respectfully submitted,

17

18                                        By _____ */s/ Michael R. Doyen* _____

19                                        JAMES J. PISANELLI, Bar No. 4027
                                         TODD L. BICE, Bar No. 4534
20                                        DEBRA L. SPINELLI, Bar No. 9695
                                         PISANELLI & BICE PLLC
21                                        400 South 7th Street
22                                        Las Vegas, NV 89101

23

24

25

26

27

28

DEFENDANTS' MOTION TO REDACT AND SEAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRAD D. BRIAN, *Pro hac vice*
MICHAEL R. DOYEN, *Pro hac vice*
DANIEL B. LEVIN, *Pro hac vice forthcoming*
BETHANY W. KRISTOVICH, *Pro hac vice*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426

Attorneys for Defendants MGM Resorts International, Mandalay Bay, LLC, Mandalay Resort Group, MGM Resorts Festival Grounds, LLC, MGM Resorts Venue Management, LLC

DEFENDANTS' MOTION TO REDACT AND SEAL

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court has broad discretion to determine whether to seal or redact records from public filings. *Kamanakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Generally, courts permit sealing a parties' confidential, non-public information when "compelling reasons" in non-disclosure outweigh those favoring public access. *Id.* Compelling reasons may exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

This court has permitted the sealing of public records under the compelling reasons standard when disclosure could lead to public safety concerns. *See e.g.*, *Goodman v. Las Vegas Metro. Police Dept.*, No. 2:11-cv-01447-MMD-VCF, 2013 WL 5743638, at *3 (D. Nev. 2013) (sealing portions of the deposition transcript of a Las Vegas Metro Police Officer in order to protect the safety of the officer's family). Other courts have noted the importance of enabling parties to file under seal when public disclosure could reveal security procedures. *See e.g.*, *Gullley v. Semple*, No. 3:16-cv-425 (MPS), 2017 WL 1025168 (D. Conn. 2017) (granting a motion to seal a video of a correctional facility because its disclosure would reveal security procedures that would endanger safety and security).

Here, MGM seeks to file the exhibits in support of its employees' declarations under seal. Exhibits A and B to the K.D. Declaration, and Exhibit E to the B.T. Declaration discuss security capabilities, planning, and procedures, and they include an Event Action Plan and other public safety procedures that are generally implemented in events such as the Route 91 concert. MGM does not generally disclose this information to the public. Doyen Decl. ¶ 7. Public disclosure could undermine the safety of guests at other events. The public interest in access to judicial records is outweighed by their interest in being safe at large events.

MGM also seeks to file the Event Security Services Proposal (the "Security Proposal") provided by Contemporary Services Corporation ("CSC") to MGM, which is Exhibit A to the Declaration of N.B., under seal. The Security Proposal discusses security planning and procedures provided by CSC at large events. As above, the public disclosure of such information

1   could undermine security and safety at future events.  Moreover, the Security Proposal also

2   contains extensive information about CSC and how it conducts business, including how it trains,

3   hires, supervises and staffs events.  This information is proprietary to CSC and its public

4   disclosure would be akin to requiring CSC to disclose a potential trade secret.  Again, the public

5   interest in such information is outweighed by both the public's interest in security at future large

6   events and CSC's interest in protecting its valuable trade secrets.

7        MGM also seeks to redact the names and titles of the declarants from its employee

8   declarations that will be filed in the public record.  MGM proposes to replace full names with

9   initials and to redact the job titles so the individuals cannot be located by a simple web search.

10  This redaction is necessary to protect these individuals from potential harassment and/or other

11  retaliation.   Doyen Decl., ¶ 7.  This Court has previously granted similar requests to seal

12  information about family members of the Las Vegas Metro Police Department to protect them

13  from the threat of harassment.  *See e.g.*, *Goodman.*, 2013 WL 5743638, at *3.  The threat is no

14  different here and the names of the individuals should be sealed to protect them from similar

15  potential abuse.  MGM will submit full copies of these declarations under seal.

16       The sealing of the exhibits and the redaction of the declarations, in no way jeopardizes the

17  "public's understanding of the judicial process . . ."  *Kamakana*, 447 F.3d at 1189.  MGM only

18  seeks to seal and redact a limited amount of information.  Thus, there is little risk that the Court

19  will render a decision that the public does not understand.

20       For the foregoing reasons, MGM respectfully requests that this Court grant this Motion to

21  Seal and Redact.

22

23

24

25

26

27

28

1

2   DATED:  July 27, 2018                    Respectfully submitted,

3

4                                            By _____ */s/ Michael R. Doyen*_____
5                                            JAMES J. PISANELLI, Bar No. 4027
                                             TODD L. BICE, Bar No. 4534
6                                            DEBRA L. SPINELLI, Bar No. 9695
                                             PISANELLI & BICE PLLC
7                                            400 South 7th Street
                                             Las Vegas, NV 89101
8

9                                            BRAD D. BRIAN, *Pro hac vice*
                                             MICHAEL R. DOYEN, *Pro hac vice*
10                                           DANIEL B. LEVIN, *Pro hac vice forthcoming*
                                             BETHANY W. KRISTOVICH, *Pro hac vice*
11                                           MUNGER, TOLLES & OLSON LLP
                                             350 South Grand Avenue, Fiftieth Floor
12                                           Los Angeles, California 90071-3426

13
                                             Attorneys for Defendants MGM Resorts International,
14                                           Mandalay Bay, LLC, Mandalay Resort Group, MGM
                                             Resorts Festival Grounds, LLC, MGM Resorts Venue
15                                           Management, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO REDACT AND SEAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of Munger Tolles & Olson, and that on this 27th day of July, 2018, I caused to be e-filed/e-served through the Court's website true and correct copies of the above and foregoing **DEFENDANTS' MOTION TO REDACT SUPPORTING DECLARATIONS AND TO SEAL EXHIBITS IN SUPPORT OF ITS MOTION FOR REMAND** to all parties in accordance with the CM/ECF service list.

        */s/ Michael Lamb*
        Michael Lamb

DEFENDANTS' MOTION TO REDACT AND SEAL