# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RACHEL SHEPPARD an Individual; LOTUS HERRERA an Individual and as Special Administrator of the Estate of BRIAN FRASER, decedent; STEPHANIE FRASER as the Guardian Ad Litem for AUBREE FRASER, a minor; STEPHANIE FRASER as the Guardian Ad Litem for BRAYDEN FRASER, a minor; JOVANNA CALZADADILLAS an Individual; FRANCISCO CALZADILLAS an individual; NICHOLS ROBONE an Individual; ANTHONY ROBONE an Individual,, <br><br> Plaintiff, <br><br> v. <br><br> MANDALAY BAY, LLC, f/k/a MANDALAY CORP., a Nevada Domestic Limited-Liability Company; et al., <br><br> Defendant. | Case No. 2:18-cv-01120-RFB-VCF <br><br> **[PROPOSED] ORDER ON JURISDICTIONAL DISCOVERY** |

The parties have met and conferred and hereby jointly propose the following Order:

Plaintiffs' Motion to Remand was heard on September 21, 2018, and the Court orders as follows:

1. On or before September 28, 2018, Defendant MGM ("MGM" shall mean MGM Resorts International, Mandalay Bay, LLC, Mandalay Resort Group, MGM Resorts Festival Grounds, LLC, and MGM Resorts Venue Management, LLC) is to produce any reciprocal waivers of claims, as defined in the SAFETY Act, in its possession, custody, or control that

were entered into by MGM or Contemporary Services Corporation ("CSC") with respect to CSC's providing SAFETY ACT-certified QATT security services at the Route 91 Harvest Festival. "SAFETY Act" shall mean the Support Anti-Terrorism by Fostering Effective Technologies Act (6 U.S.C. §§ 441-444). If MGM believes additional time is required, MGM will inform plaintiffs' counsel of the reason and this deadline will be extended until October 12, 2018 without the need to seek leave of Court. If plaintiffs' counsel does not believe the reason is appropriate, plaintiffs' counsel may challenge the extension with the Court.

2. Upon proper service of a subpoena prepared by Plaintiffs, on or before October 12, 2018, CSC is to produce the following:

    a. All communications between CSC and the Department of Homeland Security regarding CSC's SAFETY ACT application, designation, and certification dating back to the initial designation through October 1, 2017; and

    b. All insurance policies for each SAFETY ACT certification from the time CSC was certified or designated initially (whichever came first) until October 1, 2017, including but not limited to insurance policies that were allegedly in effect as of October 1, 2017.

3. The Court will allow 60 days, i.e., until November 20, 2018, for jurisdictional discovery to be completed.

4. After review of the documents, Plaintiffs may but are not required to notice the deposition of a person most knowledgeable ("PMK"), *see* Fed. R. Civ. P. 30(b)(6), for (i) MGM and (ii) CSC. If Plaintiffs notice a PMK deposition, the topics must be limited as identified in Section 6 *infra*. Plaintiffs also may notice the deposition of a custodian of record from each company for the produced documents.

5. MGM and CSC are to identify within 45 days of the hearing, i.e. by November 5, 2018, PMK witnesses for deposition, provided that PMK deposition notices have been served.

6. The PMK deposition notices shall be limited to the following topics:

    a. All communications as they relate to the certification process from CSC and the designation for the services, identifying the training; [Tr. 67]

b. Communications between CSC and Homeland Security identifying the types of services that would be included in the application and what was actually certified, and any information provided as it relates to insurance; [Tr. 68]

c. Communications between CSC and Homeland Security and the Undersecretary regarding the insurance consistent with what was requested from the April 20th letter; [Tr. 61]

d. Any information related to reciprocal waivers or efforts to obtain reciprocal waivers by CSC from any of the entities involved here with respect to CSC's providing SAFETY ACT-certified QATT security services at the Route 91 Harvest Festival; [Tr. 61-62, 68]

e. The deployment of CSC personnel to the festival site on October 1, 2017; [Tr. 68]

f. The nature of the services that are certified and to what extent those services were actually deployed at the festival on October 1, 2017; [Tr. 68]

g. To what extent there was coordination with respect to those services between CSC, MGM, and others with respect to CSC's providing SAFETY ACT-certified QATT security services at the Route 91 Harvest Festival on October 1, 2017; [Tr. 69]

h. Who was involved or participated in the deployment of the qualified technology or service at the Route 91 Harvest Festival on October 1, 2017; [Tr. 85]

i. The extent to which there was coordination or observation of the deployment of that technology between MGM and CSC on October 1, 2017; and [Tr. 85]

j. To what extent there was a coordination or discussion about the deployment between the Defendants and CSC on October 1, 2017. [Tr. 85]

7. The deposition of MGM's PMK may be noticed for a date no earlier than forty-five (45) days from the date of the hearing on the motion to remand, i.e., November 5, 2018. Plaintiffs are to notice the deposition at least two weeks in advance of the noticed date. The deposition notice shall specify the PMK topics for deposition (limited to the topics identified

in Paragraph 6). MGM is to identify the PMK for the topics identified within one week of service of the deposition notice. MGM may request that the noticed deposition date be moved to a date on or before November 20, 2018.

8. The discovery described in Paragraphs 1 and 2 may be filed under seal, and all documents produced shall be designated "Attorneys' Eyes Only" and may be viewed by only attorneys of record in this matter until the parties negotiate and execute a protective order.

9. Documents requested by Plaintiffs by subpoena to CSC may be produced on an expedited basis, and the Court orders that CSC's time to respond to a subpoena for readily available documents shall be shortened to 7 days after service of the subpoena.

10. Plaintiffs and MGM may each submit a supplemental brief related to the legal issues presented in the pending motions no later than October 26, 2018. Reply briefs may be filed no later than November 2, 2018.

11. The parties shall submit a joint status report within 60 days of the date of this Order and every 60 days thereafter, if needed.

**IT IS SO ORDERED:**

DATED: October 10th, 2018

_____
RICHARD F. BOULWARE, II
United States District Court