# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

RACHEL SHEPPARD, *et al.*,

        Plaintiffs,

vs.

MANDALAY BAY, LLC, f/k/a MANDALAY CORP., *et al.*,

        Defendants.

Case No. 2:18-cv-01120-RFB-VCF

**<u>ORDER</u>**

MOTION TO REDACT AND SEAL [ECF NO. 84]

    Before the Court is Defendants MGM Resorts International, Mandalay Bay, LLC, Mandalay Resort Group, MGM Resorts Festival Grounds, LLC, and MGM Resorts Venue Management, LLC's Motion to Redact Supporting Declarations and to Seal Exhibits in Support of Its Supplemental Brief in Support of Opposition to Plaintiffs' Motion to Remand. (ECF No. 84). For the reasons discussed below, the motion is granted in part and denied in part.

## BACKGROUND

    This case involves the mass shooting in Las Vegas on October 1, 2017. (ECF No. 1 at 2). Plaintiffs have moved to remand the case to state court. (ECF No. 9). Defendants now move to seal and redact several declarations and exhibits attached to their response to the motion to remand. (ECF No. 84). Specifically, Defendants seek to seal Exhibit A to the A.P. declaration and Exhibit D-H to the Doyen declaration as they "contain[] confidential and proprietary information concerning security planning and procedures that would undermine security and public safety at future public events." (*Id.* at 2). Defendants seek to redact the declarants' names and titles from the M.G. and A.P. declarations "to protect th[e]

1

individual[s] from potential harassment and/or other retaliation." (*Id.* at 4-5). Plaintiffs did not file an opposition to the motion to seal and redact.

## ANALYSIS

A motion to remand is a dispositive motion. *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015). Therefore, Defendants must "articulate compelling reasons [to seal the exhibits and declarations] supported by specific factual findings" and "the court must conscientiously balance the competing interest of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted).

Defendants have shown compelling reasons to seal Exhibit A to the A.P. declaration and Exhibit D-H to the Doyen declaration. (ECF Nos. 85-1 through 85-5, 85-8). These Exhibits relate to security planning and procedures at public events. The Court has recognized security and safety concerns as compelling reasons to seal documents. *See Williams v. Foster*, No. 3:12-cv-00660-MMD, 2014 WL 7014496, at *1 (D. Nev. Dec. 11, 2014); *Goodman v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-01447-MMD, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013); *Abara v. Palmer*, No. 3:10-cv-00688-LRH, 2012 WL 3638756, at *1 n.1 (D. Nev. Aug. 22, 2012). Therefore, Defendants' motion to seal Exhibit A to the A.P. declaration and Exhibit D-H to the Doyen declaration is granted. ECF Nos. 85-1 through 85-5 and 85-8 will remain under seal.

However, Defendants have not shown compelling reasons to redact the declarants' names and titles from the M.G. and A.P. declarations. (ECF Nos. 85-6, 85-7). Defendants generally assert that redaction is necessary "to protect th[e] individual[s] from potential harassment and/or other retaliation" and "[t]he threat is no different" from the risk of retaliation officers and their family members face. (ECF No. 84 at 4-5). However, Defendants have given no specific facts supporting the assertion that the declarants could face harassment or other retaliation. In the case Defendants cite to support their argument, the Court found

2

that "law enforcement officers regularly deal with persons who might wish to cause them harm." *Goodman*, 2013 WL 5743638 at *3. The Court cannot make such a finding regarding M.G. and A.P. The declarations are simple statements of fact by employees on behalf of two entities. In all contested cases, there is a risk that the involved individuals and entities may face negative publicity. Defendants have failed to show why M.G. and A.P. should be treated differently than all declarants concerned about public perception. As presented to the Court, Defendants' concern regarding retaliation is speculation, and the Court must rule on motions to seal "without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (9th Cir. 2006) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

M.G. and A.P.'s retaliation concerns are not compelling. Therefore, the Court denies Defendants' motion to redact the M.G. and A.P. declarations. However, the Court will temporarily suspend unsealing ECF Nos. 85-6 and 85-7 to give Defendants time to file a renewed motion to redact to provide compelling reasons to redact M.G. and A.P.'s names and titles.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Redact Supporting Declarations and to Seal Exhibits in Support of Its Supplemental Brief in Support of Opposition to Plaintiffs' Motion to Remand (ECF No. 84) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED Defendants' motion to seal Exhibit A to the A.P. declaration and Exhibit D-H to the Doyen declaration is granted, and ECF Nos. 85-1 through 85-5 and 85-8 will remain under seal.

IT IS FURTHER ORDERED Defendants' motion to redact the M.G. and A.P. declarations is denied without prejudice. However, the Court will temporarily suspend unsealing ECF Nos. 85-6 and 85-7 to give Defendants time to file a renewed motion to redact. Such a motion must be filed by December

14, 2018. If no renewed motion or objection to the Order is filed by December 14, 2018, the Clerk of Court is directed to unseal ECF Nos. 85-6 and 85-7 on December 17, 2018.

DATED this 28th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE